UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ALMA SEHOVIC on behalf of herself
and all others similarly situated

                Plaintiff,

       -against-

AUDREY J. LUTZ PARMA

                Defendant.
-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 02 2012 ★
LONG ISLAND OFFICE

SUMMONS ISSUED

CV 12 0500

IRIZARRY, J.

GOLD, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Audrey J. Lutz Parma concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to NYHQ Emergency Physicians.

4. Upon information and belief, defendant is a New York attorney with a principal place of business located in Ardsley, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

1

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Alma Sehovic*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly owed to NYHQ Emergency Physicians for personal purposes dated January 19, 2012.

11. Said letter states in pertinent part: "If you fail to contact this office, our client may consider additional remedies to recover the balance due. One such remedy may be to pursue the matter through the court system. . . I strongly urge you to resolve this matter by taking by taking the steps outlined above, immediately.

12. Said language implies a threat of legal action which is false.

13. Said language implies a false sense of urgency.

14. Said language contradicts the plaintiff's right to dispute the debt and seek verification thereof during the initial thirty day period.

15. Due to the threat of legal action and the language employed, the least sophisticated consumer would feel pressured into paying the debt when perhaps the payment of other obligations where there was no false threat of immediate suit would be more appropriate like a mortgage, rent or other payment.

16. The said letter from the within defendant is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) for engaging in false threats, 1692e(10) for engaging in deceptive practices and 1692g for contradicting the plaintiff's right to dispute the debt and fails to set forth the address in order to obtain verification of the debt.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

17. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-16 as if set forth fully in this Cause of Action.

18. This cause of action is brought on behalf of plaintiff and the members of a class.

19. The Class consists of consumers who received the same form letter, as did the plaintiff.

20. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about January 19, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt NYHQ Emergency Physicians; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations

of 15 U.S.C. § 1692e(10), 1692e(5) and 1692g.

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the

absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The defendant's actions violate the Fair Debt Collection Practices Act.

26. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
February 1, 2012

*[signature]*

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*

Adam J. Fishbein  (AF-9508)



**Audrey J. Lutz Parma**
——Attorney & Counselor at Law——

1053 Saw Mill River Road
Suite LL1
Ardsley, NY 10502
Tel: (914) 909-3601
Fax: (914) 206-4881

01/19/2012

Alma Sehovic                A352624
14074 34Th Ave
Apt 4B
Flushing, NY 11354

| Claimant: | NYHQ EMERGENCY PHYSICIANS |
|---|---|
| Date Of Service: | Multiple |
| Amount Due: | $343.37 |
| Case #: | A352624 |

Dear Alma,

I have been retained by the claimant named above to collect their claim against you.

Please send the amount indicated above directly to my office, made payable to the order of the claimant. Alternately, you may contact my office by telephone and remit payment over the telephone. If you have any questions concerning this claim, please call me immediately and directly at the above phone number. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due. One such remedy may be to pursue the matter through the court system. My office will consider this debt valid, unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt either in part or in whole. If you notify my office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, my office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request it, in writing and within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. I strongly urge you to resolve this matter, by taking the steps outlined above, immediately.

Very truly yours,
Audrey J. Lutz Parma, Esq.